## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MOHAMMAD OWDETALLAH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1546-SLP** |
| | ) | |
| **PAMELA BONDI, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Mohammad Owdetallah, a noncitizen[1] and Palestinian national, filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents timely filed a Response and Petitioner timely filed a Reply. Docs. 11, 14. For the reasons set forth below, the undersigned recommends that the Court grant the Petition to the extent it requests habeas relief under 28 U.S.C. § 2241 for release from ICE custody.

---

[1] Unless directly quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

I.    **Background**

Petitioner, a citizen of Palestine,[2] lawfully entered the United Stated in October 2005 on a student visa to attend the Edmond Language Institute.  Resp. at 10.  On May 10, 2007, ICE initiated immigration proceedings against Petitioner by issuing a Notice to Appear alleging that he failed to comply with the terms of his visa because he failed to attend or disenroll from the Edmond Language Institute from December 2005 to May 2007.  Doc. 11-2 at 1, 3.  Further, ICE alleged that from December 2006 to May 2007 Petitioner was employed for compensation without authorization.  *Id.* at 3.  On August 15, 2011, Petitioner was ordered removed.  Resp. at 10; Doc. 11-2 at 1.  That same day, Petitioner withdrew all pending applications for asylum and withholding of removal and waived appeal of his order of removal, making it final.  Resp. at 10; Doc. 11-2 at 1; Pet. at 2 (confirming that Petitioner waived appeal of the removal order making it administratively final).

At some point after Petitioner's order of removal became final, he was released on an Order of Supervision ("OOS").  Pet. at 2.  Neither party alleges how long Petitioner was in ICE custody before he was released on an OOS.  *See id.* at 3 ("Petitioner does not recall if he was detained for any length of time prior to December 11, 2025"); Resp. at 18

---

[2] Petitioner alleges that he is "stateless" because he is a citizen of Palestine, "a country which no longer exists."  Pet. at 2.  However, ICE's records indicate that Petitioner is a native and citizen of Israel.  Doc. 11-1 at 3.  Further, he was ordered removed to Israel.  Doc. 11-2 at 1.  However, Respondents do not contest that Petitioner is a Palestinian national, *see* Resp. at 9-10, and whether Petitioner is a national of Palestine or Israel is not relevant to the disposition of his claims.

(asserting that Petitioner is attempting to shift the burden to Respondents of demonstrating the length of his prior detention, but refusing to provide any factual information). Petitioner alleges that when ICE placed him on an OOS "pursuant to 8 C.F.R. § 241.5 and 8 C.F.R. § 241.13," "ICE necessarily determined that he had demonstrated to ICE's satisfaction that his removal would not occur in the reasonably foreseeable future." Pet. at 2. Petitioner asserts that he complied with all check-in requirements of the OOS. *Id.*

On December 11, 2025, Petitioner was re-detained by ICE at a scheduled check-in appointment. *Id.*; Resp. at 10. According to Petitioner, he "has not received any Notice of Revocation of Release" informing him of the reason for his re-detention, nor has he "received a notice of Custody Determination or any other written decision explaining what changed circumstances allegedly justified or currently justify his re[-]detention." Pet. at 3-4. Finally, Petitioner alleges he has not received "any sort of interview at which he can present evidence demonstrating there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.* at 4.

Petitioner alleges that he cannot be removed to his country of origin of Palestine because of Palestine's dissolution. *Id.* He further alleges Respondents have not identified any third country willing to accept Petitioner or obtained travel documents for Petitioner to any country. *Id.* Accordingly, Petitioner alleges Respondents are "not in possession of any credible or persuasive documents or evidence that Petitioner's removal is likely to occur in the reasonably foreseeable future." *Id.*

Respondents assert that Petitioner was taken back into ICE custody "to effect his removal." Resp. at 10. Respondents allege that Petitioner "is detained as an alien who is

3

deportable for violating the terms of his visa and who has been ordered removed." *Id.* (citing 8 U.S.C. § 1227(a)(1)). Respondents do not address any changed circumstances leading to Petitioner's re-detention or assert whether he could be removed to Palestine, Israel, or any potential third country.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma, and he is still detained there. Pet. at 3; *see* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Jan. 22, 2026).

## II.    <u>Petitioner's Claims</u>

The Petition raises four grounds for relief.

- **Ground One**: Petitioner requests declaratory judgments that (1) he is detained pursuant to 8 U.S.C. § 1231(a)(1); (2) he has previously demonstrated to ICE's satisfaction that there is no significant likelihood of his removal in the reasonably foreseeable future; (3) ICE did not rebut his prior showing; and (4) he cannot be re-detained until ICE rebuts that showing. Pet. at 22-23.

- **Ground Two**: Petitioner alleges that his re-detention is in violation of the Immigration and Nationality Act ("INA"), 8 C.F.R. § 241.13(i)(2)-(3), because Respondents failed to comply with these regulations before re-detaining him. Pet. at 23.

- **Ground Three**: Petitioner alleges that his re-detention is in violation of the Fifth Amendment Due Process Clause because there is no significant likelihood of his removal in the reasonably foreseeable future. Further, Petitioner asserts that his right to due process was violated because he previously established there was no significant likelihood of his removal in the reasonably foreseeable future, and Respondents have not rebutted this prior showing with credible evidence. Finally, Petitioner alleges his right to due process was violated because his re-detention was intended to punish him and send a message to similarly situated individuals. *Id.* at 24.

- **Ground Four**: Petitioner alleges that his re-detention violates the Administrative Procedures Act because Respondents have failed to

4

articulate any reasoned explanation for re-detaining him or for failing to comply with 8 C.F.R. § 241.13(i)(2)-(3).  Further, Respondents' decision to re-detain Petitioner is arbitrary, capricious, and not in accordance with law because that decision represents changes in policy, results from consideration of factors that Congress did not intend to be considered, and fails to consider important aspects of Petitioner's case.  Pet. at 25.

Petitioner seeks immediate release from ICE detention. *Id.* at 26.

In addition, Petitioner seeks injunctive and declaratory relief, including:

- emergency preliminary orders restraining Respondents from attempting to move him from Oklahoma during the pendency of this proceeding and providing 72-hour notice of any intended movement. *Id.*

- an emergency preliminary order requiring Respondents to give him due process before removing him to a third country and for the Court to permanently enjoin Respondents from deporting him to a third country without due process in the form of a full merits hearing.  *Id.*

- declarations that Respondents' actions are arbitrary and capricious and failed to adhere to binding regulations and precedent, and that his detention violates the Due Process Clause. *Id.* at 27.

- an order permanently enjoining Respondents from re-detaining him until Respondents have obtained a travel document allowing his removal, and, if he is re-detained, that he not be detained more than three days after receiving a travel document.  *Id.*

- reasonable attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA").[3]  *Id.*

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs, Petitioner must seek those separately.  28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention").  Accordingly, the undersigned does not address this request at this juncture.

### III.    <u>Relevant Standards</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

The INA mandates that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  The 90-day period is known as the "removal period."  *Id.*  Detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months beyond the removal period.  *See Zadvydas*, 533 U.S. at 701. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

Ordinarily, "if the alien does not leave or is not removed within the removal period," he may be released "subject to supervision."  8 U.S.C. § 1231(a)(3) (citation modified). As relevant here, after ICE releases a noncitizen on an OOS, federal authorities may later revoke his OOS and return the noncitizen to custody if he violates conditions of release, 8 C.F.R. § 241.13(i)(1), or "if, on account of changed circumstances, [ICE] determines that

6

there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2).[4]  Such revocation triggers a notification and review process:

> **Revocation procedures**. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [ICE] will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

*Id.* § 241.13(i)(3).

## IV.    Analysis[5]

### A.    ICE failed to abide by its regulations when it revoked Petitioner's OOS.

In Count Two, Petitioner alleges that Respondents failed to comply with the INA and ICE's applicable regulations "prior to re[-]detaining Petitioner after Petitioner's release on an OOS."  Pet. at 23.  "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings."  *Trump v. J.G.G.*, 604 U.S.

---

[4] After the Supreme Court's ruling in *Zadvydas*, federal officials codified *Zadvydas* principles into immigration regulations governing the detention review process with amendments to 8 C.F.R. § 241.4 and the addition of 8 C.F.R. § 241.13.  *See* Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56967-01, 56968, 2001 WL 1408247 (F.R.) (Nov. 14, 2001) (to be codified at 8 C.F.R. Parts 3 and 241) ("In light of the Supreme Court's decision in *Zadvydas*, this rule revises the Department's regulations by adding a new 8 CFR 241.13, governing certain aspects of the custody determination of a detained alien after the expiration of the removal period.  Specifically, the rule provides a process for [ICE] to make a determination as to whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future.").

[5] Petitioner claims he was not required to exhaust statutory or administrative remedies before filing the Petition.  Pet. at 10-13.  Respondents do not allege he failed to exhaust his remedies before filing the Petition.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition, and therefore does not address exhaustion at length.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

670, 673 (2025) (per curiam) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The Due Process Clause is also implicated where "an individual has reasonably relied on agency regulations promulgated for his guidance or benefit and has suffered substantially because of their violation by the agency." *United States v. Caceres*, 440 U.S. 741, 752-53 (1979).

Since Petitioner was released on an OOS, his re-detention is governed by 8 U.S.C. § 1231(a)(3) and its related regulations. Petitioner alleges that his OOS was issued because "ICE necessarily determined that he had demonstrated to ICE's satisfaction that his removal would not occur in the reasonably foreseeable future." Pet. at 2. The issue before the Court is whether Petitioner's OOS was properly revoked when he was recently re-detained in ICE custody. The undersigned determines that it was not.

Neither party has presented the court with a copy of Petitioner's OOS, nor have they alleged what month or year the OOS was issued. Respondents do not specify why the OOS was originally issued or even acknowledge that Petitioner was released on an OOS. Nor do they try to rebut Petitioner's allegations that he was previously released because ICE determined there was no significant likelihood of his removal in the reasonably foreseeable future. The undersigned, then, reasonably infers that ICE must have determined "there was no significant likelihood of removal in the reasonably foreseeable future," 8 C.F.R. § 241.13(a), (b)(1), before issuing Petitioner's OOS. *See, e.g., Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 4034263, at *5 (W.D. Okla. Nov. 14, 2025) (finding "it is reasonable to infer that ICE must have made a determination that 'there was no significant likelihood of removal in the reasonably foreseeable future'" in similar circumstances) (R&R), *adopted*, 2025 WL 3452454 (W.D. Okla. Dec. 1, 2025); *Pham v. Bondi*, No. CIV-25-1157-

SLP, 2025 WL 3477023, at *3 (W.D. Okla. Oct. 30, 2025) (same) (R&R), *adopted,* 2025 WL 3243870 (W.D. Okla. Nov. 20, 2025).

### 1.    Violation of § 241.13(i)(2)

ICE may revoke an OOS and "return the alien to custody" if he violates the conditions of supervised release or "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)-(2). Respondents do not allege Petitioner violated any conditions of release, so Respondents must rely solely on the "changed circumstances" prong as the justification for revocation.

This Court has previously concluded "the burden [is] on Respondents to establish a significant likelihood of removal in the reasonably foreseeable future in the context of re-detention under § 241.13(i)(2)." *Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) (citation modified). Respondents merely state that ICE detained Petitioner "intending to effect [his] removal" and that he "is detained as an alien who is deportable for violating the terms of his visa and who has been ordered removed." Resp. at 8, 10 (citation modified). These statements by Respondents' counsel in no way satisfy the regulatory standard of a determination by ICE that "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Further, Respondents make no attempt to address Petitioner's allegations that (1) he cannot be removed to Palestine because Palestine no longer exists; (2) the government is not in possession of any credible or persuasive documents or evidence that his removal is likely to occur in the reasonably foreseeable future; (3)

Respondents have not identified any third country willing to accept him; (4) Respondents have not obtained travel documents for him to be deported to any country; or (5) ICE has not begun the steps of having him apply for a travel document to any third country. *See* Pet. at 2, 4, 15-16.

In sum, Respondents provide no information about the possibility of Petitioner's removal in the reasonably foreseeable future. Instead of addressing Petitioner's assertion that ICE violated his due process when they revoked his OOS and failed to establish changed circumstances regarding the likelihood of his removal, or that his removal is significantly likely in the reasonably foreseeable future, *see* 8 C.F.R. § 241.13(i)(2), Respondents concentrate their Response to argue Petitioner's *Zadvydas* claim is premature because he has not been detained for more than six months. *See* Resp. at 13-21.[6]

Respondents fail to establish under § 241.13(i)(2) that ICE determined there were changed circumstances and a significant likelihood of Petitioner's removal in the reasonably foreseeable future before revoking his OOS and detaining him. Respondents have provided no sworn declaration by an ICE officer explaining efforts at removal; nor have Respondents even provided vague or conclusory assertions of efforts to remove Petitioner. This silence by Respondents is insufficient to establish a significant likelihood

---

[6] The undersigned notes, without recommending disposition on the issue, that any *Zadvydas* claim may certainly be premature—whether the Court were to aggregate all of Petitioner's detentions or not—as Petitioner has failed to allege any detention before his release on an OOS. *See* Pet. at 3. The Court need not address application of *Zadvydas* here if it adopts the undersigned's recommendation to grant habeas relief based on Respondents' violations of ICE regulations.

that Petitioner may be removed to *any country* in the reasonably foreseeable future, whether it be Israel, Palestine, or a potential third country. *See Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *4 (W.D. Okla. Dec. 1, 2025) (finding that even vague and conclusory assertions from Respondents about third country removal did not satisfy § 241.13(i)(2)); *Momennia v. Bondi,* No. CV 25-1067-J, 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) (granting habeas relief because Respondents "have not identified any countries with which any level of progress has been made toward obtaining the country's acceptance of Petitioner").

This analysis is consistent with other district courts. *See*, *e.g.*, *Yee S. v. Bondi*, 2025 WL 2879479, at *5 (D. Minn. Oct. 9, 2025) (finding "the record does not support a determination that Petitioner is significantly likely to be removed in the reasonably foreseeable future" when ICE could "direct the Court to no facts in the record supporting a conclusion that any specific country where Petitioner is not a citizen would agree to accept him," and "Respondents simply repeat the vague and conclusory assertions that 'ICE is in the process of obtaining a travel document'"); *Sun v. Noem*, 2025 WL 2800037, at *2-3 (S.D. Cal. Sept. 30, 2025) ("Respondents say they are 'putting together a travel document [TD] request to send to [the] Cambodian embassy,' and that '[o]nce ICE receives the TD, it will begin efforts to secure a flight itinerary for Petitioner.' The Court finds these kind of vague assertions—akin to promising the check is in the mail—insufficient to meet ICE's own requirement to show 'changed circumstances' or 'a significant likelihood that the alien may be removed in the reasonably foreseeable future.'") (record citations omitted); *Hoac v. Becerra*, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact

that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Roble v. Bondi*, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) (finding insufficient the government's assertion that ICE "requested third country removal assistance from [Enforcement and Removal Operations] HQ").

### 2.    Violation of § 241.13(i)(2)

Petitioner also alleges that he "was never served with a Notice of Revocation of Release," as required by § 241.13(i)(3).  Pet. at 3-4, 13.  Further, Petitioner claims he did not receive an individualized post-detention interview to determine whether his OOS should be reinstated or otherwise to allow him to provide information that demonstrates there is no significant likelihood of his removal in the reasonably foreseeable future, as required by § 241.13(i)(2)-(3).  *Id.*  Again, Respondents wholly fail to address Petitioner's central allegations about these violations of ICE regulations.[7]

As to any 2025 Notice of Revocation of Release, Respondents do not rebut Petitioner's allegation of its non-existence, and neither party has presented the Court with a copy.  Accordingly, the undersigned assumes that no such Notice exists.  ICE's regulations, however, provide that a Revocation of Release Notice should have been

---

[7] Respondents also fail to address Petitioner's assertions that he satisfies the criteria for release under 8 C.F.R. § 241.4(e).  *See* Pet. at 14-15.  However, since the undersigned concludes that Petitioner's due process rights were violated because Respondents did not meet their burden to show that the revocation of his release was made in compliance with 8 C.F.R. § 241.13(i), the undersigned does not address whether he should now be re-released pursuant to 8 C.F.R. § 241.4(e).

provided to Petitioner and should have stated the reasons for his revocation of release.  *See* 8 C.F.R. § 241.13(i)(3) ("Upon revocation, the alien will be notified of the reasons for revocation of his or her release.").   Further, with no evidence to the contrary from Respondents, the undersigned also concludes ICE did not comply with requirements for an "initial informal interview" under § 241.13(i)(3) so Petitioner could respond to ICE's basis for his revocation and re-detention.

### 3.    Habeas relief as an appropriate remedy

Respondents have failed to show that ICE abided by its own regulations when revoking Petitioner's OOS, making the revocation unlawful.  Having concluded that ICE violated its own regulations in re-detaining Petitioner, the undersigned next considers whether a writ of habeas corpus is an appropriate remedy for ICE's failure to comply with its own regulations.  Three District Judges in this District, including this Court, have found that "fail[ure] to comply with § 241.13(i)(2) in establishing a change of circumstances that demonstrated a significant likelihood of removal in the reasonably foreseeable future at the time of Petitioner's re-detention" or "not providing the Petitioner with written notice of the reasons for his revocation" under § 241.13(i)(3) "amounts to a due process violation, entitling the petitioner to habeas relief."  *Pham*, 2025 WL 3243870, at *1; *see also Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *3 (W.D. Okla. Dec. 4, 2025) (finding "ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and that his release is therefore appropriate"); *Hamidi*, 2025 WL 3452454, at *4 (granting habeas relief where respondents failed to satisfy § 241.13(i)(2)).  Respondents rely on one local District Judge's decision that "a writ

of habeas corpus is not meant to address alleged regulatory violations." Resp. at 23-24

(citing *Nguyen v. Bondi*, No. CIV-25-1204-JD, Order, Doc. 20 (W.D. Okla. Dec. 31, 2025)

(citation modified)). The undersigned agrees with the three District Judges in this District,

including this Court, who have found habeas relief to be appropriate when ICE violates its

own regulations in re-detaining a petitioner like the circumstances here.[8]

Therefore, because ICE violated its own regulations, the undersigned concludes that

Petitioner's detention is unlawful and his release is appropriate under 28 U.S.C.

§ 2241(c)(3). *See Nguyen v. Warden of the Golden State McFarland Detention Facility*,

No. 2:25-CV-03297-SKO (HC), 2026 WL 72110, at *4 (E.D. Cal. Jan. 9, 2026) ("Because

the Government was required to, but failed to comply with, section 241.13(i) when it

revoked Petitioner's supervised release on October 16, 2025, issuing a writ to reinstate that

release is warranted to preserve the status quo before the Government's unlawful actions.");

*Sanchez v. Bondi*, No. 1:25-CV-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4,

2025) (granting petitioner's release because the revocation of his OOS was effected

without compliance with applicable regulations); *Tran v. Bondi*, No. C25-01897-JLR, 2025

WL 3140462, at *3 (W.D. Wash. Nov. 10, 2025) (finding petitioner showed his re-

detention did not comply with the requirements set forth by 8 C.F.R. § 241.13 and granting

habeas relief); *E.M.M. v. Almodovar,* No. 25-CV-08212 (MMG), 2025 WL 3077995, at *4

---

[8] The undersigned is aware of two factually distinguishable cases in this District where habeas relief was not granted. *See, e.g., Nguyen*, No. CIV-25-1204-JD, Order, Doc. 20 at 9-10; *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932, at *3-4 (W.D. Okla. Oct. 31, 2025).

(S.D.N.Y. Nov. 4, 2025) (holding that "[i]f the Government's violation of its own regulations culminates in an alien's detention, due process may require that alien's release" and granting habeas relief); *Yee S.*, 2025 WL 2879479, at *6 (ordering release because Petitioner has shown that ICE's re-detention of him "violated the law because ICE did not comply with its own regulations under section 241.13(i)(2)"); *Roble*, 2025 WL 2443453, at *5 (holding that "[i]t goes without saying that ICE, like all government agencies, must follow its own regulations" and ordering release based on violation of 8 C.F.R. § 241.13(i)); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *7 (D. Minn. Sep. 3, 2025) (ordering release based on violation of 8 C.F.R. § 241.13(i)).

### B.    The Court should decline to address Petitioner's additional claims for relief.

Petitioner also alleges that his re-detention was in violation of his Fifth Amendment right to due process pursuant to *Zadvydas* and under the Administrative Procedures Act. Pet. at 24-25.  Because the undersigned recommends that the Court grant the Petition after finding ICE violated its own regulations by revoking Petitioner's OOS and re-detaining him, the Court should decline to address his remaining claims.  *See Sanchez*, 2025 WL 3484756, at *1 (declining to reach petitioner's *Zadvydas* claim after agreeing with him on his regulatory violation claim); *see also Ye*, 2025 WL 3485420, at *2 n.2 (acknowledging the Magistrate Judge did not consider petitioner's remaining arguments for habeas relief after recommending habeas relief on the regulatory violation); *Hamidi,* 2025 WL 3452454, at *2 n.2 (same).  Further, considering the recommended relief, the Court need not address Petitioner's other requests for injunctive and declaratory relief.  *See* Pet. at 22-23, 26-27.

**V.**    **Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Petition to the extent Petitioner requests habeas relief under 28 U.S.C. § 2241 for release from ICE custody.  The undersigned recommends that the Court order Respondents to release Petitioner from custody immediately, subject to an appropriate Order of Supervision.  *See Zadvydas*, 533 U.S. at 696 ("The choice, however, is not between imprisonment and the alien 'living at large.' It is between imprisonment and supervision under release conditions that may not be violated." (citation modified)).  The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within five business days of the Court's order.

Parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **January 29, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **February 3, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of January, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE